## Varney's Ex'r et al. v. Staton.

May 17, 1949.

Jean L. Auxier for appellant.

Willis Staton pro se., for appellee.

OPINION OF THE COURT BY JUDGE KNIGHT—Affirming in part, reversing in part.

This is a suit brought by appellee against appellants to recover the sum of $4850 for legal services alleged to have been rendered appellants over a period of twenty years prior to the filing of the suit in 1941. The case was referred to the Master Commissioner of the Pike Circuit Court who after hearing testimony filed a report recommending that appellee recover the sum of $4,000 against the joint and several estates of Alex Varney and Pricy Varney to be collected from George Pinson, executor of both estates. He further recommended that appellee recover of Nancy Jane Varney, one of the appellants herein, the sum of $500 upon her admission that she was indebted to appellee in that sum. Exceptions were filed to this report and were sustained in part and overruled in part with the final result that the Chancellor entered a judgment adjudging that appellee recover the sum of $2000 against George Pinson, Jr., executor of the estate of Alex Varney, deceased, and nothing against the estate of Pricy Varney. It further adjudged that appellee recover of Nancy Jane Varney the sum of $500. Appellants appeal from so much of that judgment as allows recovery of $2000 against the estate of Alex Varney, and appellee cross-appeals from so much of the judgment as denies recovery of $4000 against one or both estates. There is no appeal prosecuted by Nancy Jane Varney from the judgment against her.

The items set out in appellee's petition as the services rendered the estate of Alex Varney and the charge for each item are briefly as follows:

| | |
|---|---:|
| Probating WILL of Alex Varney | $ 125.00 |
| Suit, George Pinson, Exor. v. W. T. Goff | 50.00 |
| Lease to Wade Coal Co. | 100.00 |
| Lease to R. G. Bailey, Etc. | 200.00 |
| Suit, George Pinson, Exor. v. Bailey Coal Co. | 500.00 |
| Advising and assisting in Bailey Fuel Co. lease | 150.00 |
| Written opinion construing Alex Varney will | 50.00 |
| Retainer for George Pinson, Jr., Exor. from date of probating WILL, for a period of 20 yrs. @ $150, per year, total | 3,000.00 |
| Case of Goosling v. Pinson Exor. in Pike Circuit Court, and Court of Appeals | 300.00 |
| | $4475.00 |

The credits against these charges and the dates of these credits as listed in the amended and reformed petition follow:

| | | |
|---|---|---:|
| October 2, 1930, | Credit by check | $300.00 |
| December 21, 1932 | " " " | 250.00 |
| September 24, 1935 | " " " | 100.00 |
| June 9, 1935 | " " " | 25.00 |
| October 1, 1935 | " " " | 50.00 |
| | | $725.00 |

This leaves a total of $3750 which appellee claims is due him either from the estate of Alex Varney or Pricy Varney. He then sets up three additional items which he says are services rendered the executor and real representatives, including services in the bankruptcy court totaling $1100, thus making the total of $4850 prayed for in the petition. $500 of the $1100 above referred to is represented by the judgment obtained against Nancy Jane Varney, who admitted liability in the bankruptcy matter, and no appeal has been prosecuted from that judgment. There is no satisfactory proof to sustain the remaining $600 of this $1100 claim, leaving for our consideration only the $3750 listed above.

Proof in the case, consisting largely of exhibits, is voluminous and an extensive record of five large volumes totaling over 700 pages has been built up and

brought to this court on appeal. Much of this record was wholly unnecessary, containing as it does complete court records of other cases and the complete lengthy opinions of the Court of Appeals in cases that have been before this court on appeal and which, of course, are available to this court without the expense of copying into this record. No purpose would be served by summarizing this proof and no attempt will be made to do so. However, we have carefully read and considered it all and we think it fairly establishes that appellee performed extensive legal services to the estate of Alex Varney from his death in 1919 until appellee ceased to act in that capacity some years later.

The size of Alex Varney's estate is not definitely shown in the record, but it was a large estate and included a large quantity of mountain coal land in Pike County. Appellee and appellant George Pinson, Jr. were named executors of decedent's will, but only Pinson qualified as such and he employed appellee as attorney for the estate. Although the executor was not specifically named as trustee he was given such extensive duties under the will as to make him virtually a trustee to carry out the purposes of the will and he was still acting as such when this suit was filed by appellee in 1941. Under the will decedent's wife, Pricy Varney, was devised a lifetime estate in the real estate after which his daughter, Nancy J. Varney Goosling, was given a life estate with remainder in fee to her children, all of whom are now of age and are parties to this suit. His executor was given power in his discretion to execute leases for the coal and other minerals on the lands owned by decedent and to pay to his said daughter and her children such sums as he deemed necessary for their comfort and support. Many such leases were executed and some litigation resulted, much legal advice was necessary and appellee as attorney handled these legal matters for the estate. One of these cases in which appellee took part as attorney, and for which a charge of $300 was made as set out in the petition, came before this court under the style of Goosling v. Pinson Ex'r, 198 Ky. 57, 248 S. W. 248, and which case may be read with interest as background in the present case.

As the result of the decision in the Goosling-Pinson

case, supra, Pricy Varney, life tenant under the will of Alex Varney, became entitled to the royalties on certain coal leases which Alex Varney had executed before he died and over which his executor had no control. With the royalties at her command, she and her daughter Nancy Jane Varney, who had become divorced from her former husband Goosling, became surety for a kinsman to the extent of some $150,000, and upon his failure they were forced into bankruptcy which continued from 1925 to 1937. This bankruptcy did not directly involve the estate of Alex Varney, but only the royalties from the leases on parts of his land and the private property of Pricy Varney, but it nevertheless threw additional burdens on the executor of his estate and on appellee as attorney for the estate. Appellee rendered considerable services to Nancy J. Varney in connection with this bankruptcy proceeding by delaying the sale of the leases involved at a sacrifice and in assisting in working out a composition with the creditors for about $21,000 which was finally paid out of the royalties. It is for part of his work in this connection that the judgment for $500 was given appellee against Nancy J. Varney in the general judgment in this case and from which part of said judgment there has been no appeal.

During the progress of these bankruptcy proceedings Pricy Varney, who had a considerable estate of her own, died and her will was probated on July 9, 1932. Her will was in all respects like that of her husband Alex Varney and had been executed only shortly after his. By it she gave a life estate in her real estate to her husband, then upon his death to her daughter Nancy J. Varney with remainder in fee to the children of Nancy J. Varney. Appellee and George Pinson, Jr., were named executors under this will and were given full power to make leases, collect royalties and pay out the proceeds thereof to Nancy J. Varney and her children as their needs required. George Pinson, Jr., qualified as executor of the estate and employed appellee as attorney for the estate and the proof indicates that he did considerable legal work in connection with her estate when it became involved in the bankruptcy proceedings in which she had been involved before her death. Since the wills of both Pricy and Alex Varney were so similar, involved the same type of property, left their pro-

perty to the same beneficiaries and had the same executor, they necessarily became pretty much interwoven in their administration, especially in connection with the bankruptcy proceedings. From this appellee contends that the fees he is seeking to recover in this suit should come from either or both estates or part from either estate. However, since all the itemized claims set up in the petition are for services rendered the estate of Alex Varney, he should be limited in his recovery to that estate and we think the Chancellor was correct in so holding and that there should be no recovery against the estate of Pricy Varney. The ultimate effect is the same both to appellee and to appellants since the beneficiaries of both estates are the same, with Nancy J. Varney as life tenant and her children as remaindermen.

The value of the services rendered the estate by appellee, if he rendered them as he claimed and which we think the proof as a whole shows he did, is not in serious dispute. In response to hypothetical questions submitted to three leading lawyers of the Pike County bar, Mr. Burke, Mr. Sanders and Mr. Runyon, each testified that said services were worth at least $5000. There was no contradictory proof. To us it does not appear that the fees could be considered excessive considering the size of the estate and the work involved. We think the $4000 recommended by the Master Commissioner who heard the case is not far out of line. He did not itemize the charges he allowed which go to make up that amount but it probably included some of the $600 which we referred to in an earlier part of this opinion as not being satisfactorily proven neither can we find in the record any justification for the action of the Chancellor in reducing this sum to $2000 and for which reduction he gives no reason. On the whole case and considering all the evidence we are of the opinion that appellee is entitled to a judgment against the estate of Alex Varney in the sum of $3750.

The only thing brief about this record is the brief of the attorney for appellants and his principal contention in that brief is that the recovery sought by appellee is barred by the five year statute of limitations, KRS 413.120, which was pleaded as a defense. It is

undoubtedly true that some of the items on which recovery is sought would, standing alone and viewed as isolated services performed, be barred by the statute. But the services of an attorney to an estate cannot be so isolated. They are continuous from the time of probation of a will until the estate is finally settled or his services terminated. The credits allowed by appellee for payments made on account, as heretofore set out in this opinion, show payments on account as late as October 1, 1935, which would certainly have the effect of tolling the statute up to that period. The bankruptcy proceedings which involved this estate indirectly were not closed until November 15, 1937. The estate of Alex Varney had not been settled and there appears to have been no definite date when appellee ceased to be attorney for that estate unt'l he filed this suit for the fee in 1941 when demands for his fee had not been met. On the whole record we agree with the findings of the Master Commissioner and the ruling of the lower court that appellee's claim was not barred by the statute of limitation.

### Conclusion

For the reasons herein ind'cated the judgment of the lower court is affirmed on appeal and reversed on cross appeal with directions to enter a judgment for appellee against the estate of Alex Varney in the sum of $3750 in all, with interest from date of judgment until paid.